**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   1:18-cv-01481

NICOLE M. HOOD,

      Plaintiff,

v.


WAKEFIELD & ASSOCIATES, INC.,
a Colorado Corporation

      Defendant.

---

# COMPLAINT

---

      NOW comes NICOLE M. HOOD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of WAKEFIELD & ASSOCIATES, INC., a Colorado Corporation ("Defendant") as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 47 U.S.C §227 through 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

PARTIES

4.   Plaintiff is a 34 year old natural persons who reside in Englewood, Colorado, which lies within the District of Colorado.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

7.   Defendant promotes that it provides "third-party collection solutions to providers of healthcare property management, financial, commercial, and educational services."[1] Defendant is a corporation organized under the laws of the state of Colorado with its principal place of business located at 10800 E Bethany Drive, Aurora, Colorado.

8.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

10.   The instant action arises out of Defendant's attempts to collect upon a defaulted consumer debt ("subject debt") said to be owed by Plaintiff.

---

[1] https://www.wakeassoc.com/our-services/third-party-collections/

11.   Throughout 2018, Plaintiff has received collection calls to her cellular phone, (720) XXX-7176, from Defendant.

12.   The majority of the calls that Plaintiff has received have been placed while she was within the State of Colorado.

13.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7176. Plaintiff is and has always been financially responsible for the cellular phone ending in 7176.

14.   Defendant uses a variety of phone numbers when calling Plaintiff's cellular phone including, by not limited to, (844) 554-0408 and (970) 370-6873.

15.   Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

16.   Upon answering calls from Defendant, Plaintiff experience a noticeable pause, lasting over three seconds in length, before being connected to a live representative.

17.   During some answered calls Defendant has advised that it was acting as a debt collector that was attempting to collect on the subject debt.

18.   Plaintiff, believing the subject debt was not owed be her and satisfied, demanded that Defendant cease calling.  Both on April 3, 2018 as well as May 3, 2018, Plaintiff had lengthy conversations with Defendant about the subject debt.

19.   Despite being told to cease its contacts and that the subject debt was disputed, Defendant has continued to place collection calls to Plaintiff's cellular phone.

20.   Plaintiff has received at least a dozen phone calls from Defendant since it was told to stop calling.

21.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeat and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692c(a)(1) and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

4

connection with the collection of a debt."   §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that subject debt was disputed. Defendant called Plaintiff multiple times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's cellular phone despite her instruction to cease was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

30. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing.

**b.  Violations of the FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.  Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue placing calls to her cellular phones via an automated system when it did not have consent to do so.

### c. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop and that the debt was disputed.

36. As pled in paragraphs 21 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, NICOLE M. HOOD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The

TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting several seconds in length, that Plaintiff experienced during answered calls from Defendant and before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the use of an ATDS.

40.   Defendant violated the TCPA by placing numerous unwanted collection phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that Defendant cease contacting her.

41.   The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, NICOLE M. HOOD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a.  Declaring that the practices complained of herein are unlawful and violate the
      aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages of up to $1,500.00 per call pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees;

d.   Enjoining Defendant from further contacting Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 14, 2018                                          Respectfully submitted,

s/ Nathan C. Volheim                                       s/Taxiarchis Hatzidimitriadis
**Nathan C. Volheim**                                       **Taxiarchis Hatzidimitriadis**
Sulaiman Law Group, Ltd.                              Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com
*Attorney for Plaintiff*                                    *Attorney for Plaintiff*